IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

GRINNELL MUTUAL
REINSURANCE COMPANY,

    Plaintiff,

v.

PAUL TIMMERMANN, VERONICA TIMMERMANN
LISA LYNN TIMMERMANN, KURT JAMES
TIMMERMANN, and JORDAN MICHAEL
TIMMERMANN, a minor,

    Defendants.                                      Case No. 07-cv-163-DRH

**ORDER**

**HERNDON, Chief Judge:**

    Before the Court is Plaintiff's Motion in Limine (Doc. 59), seeking to bar defendants Kurt James Timmermann and Lisa Lynn Timmermann from producing testimony mentioning or in any other way referring to or relating to the matter of whether Kurt James Timmermann is an additional named insured on the insurance policy at issue in this case. Plaintiff believes that neither Kurt nor Lisa Timmermann have any personal knowledge as to the negotiations for the issuance of the insurance policy at issue.

    In response (Doc. 63), defendants Kurt, Lisa and Jordan Timmermann state that although they have no particular personal knowledge of the negotiations

process that presumably occurred between Plaintiff's agent and defendant Paul Timmermann (the policyholder). However, they state that Kurt Timmermann was aware of the meeting between Paul and Plaintiff's insurance agent regarding the issuance of the policy. Further, they state Kurt and Lisa Timmermann were aware of Paul Timmermann's desire for the coverage amounts to remain the same as stated in the preceding policy. Lastly, they state that Kurt Timmermann was "fully knowledgeable . . . of the operations and control and decision-making on the farm operations as well as who was benefitting and responsible for the income and expenses for all operations."

In its Reply (Doc. 64), Plaintiff construes the Response (Doc. 63) as revealing that neither Kurt, Lisa nor Jordan Timmermann have personal knowledge concerning the negotiations of the insurance policy at issue (whether Kurt Timmermann was listed as a named insured) and therefore, their testimony should be barred.

In reviewing the Parties' respective briefs,[1] the Court finds that Plaintiff's Motion in Limine is too broad. An order in limine barring defendants Kurt, Lisa and Jordan Timmermann from "producing testimony mentioning or in any way referring to or relating to the following matters: whether Kurt Timmermann was a proper additional named insured," would also serve to keep Defendants from producing such evidence from *any* witness. The Parties are, in fact, allowed to produce

---

[1] Defendants have also filed a Sur-Reply (Doc 67), which the Court does not favor and therefore, it is not considered here.

evidence of which the witness has no personal knowledge as long as such evidence meets the test of admissibility. Thus, Plaintiffs have the opportunity to object to such testimony during trial, at which time, the Court will then determine whether it shall be admitted into evidence. Accordingly, Plaintiff's Motion in Limine (Doc. 59) is **DENIED**.

**IT IS SO ORDERED**.

Signed this 17th day of June, 2009.

/s/ David R Herndon
**Chief Judge
United States District Court**